IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATIONAL MOTOSPORT ASSOCIATION, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-12-113-L ) |
| ABC RACE ASSOCIATION, INC., an Oklahoma corporation; RPM, LLC, an Alabama limited liability company, d/b/a RPM SPORTS and d/b/a RACE PROMOTIONS MANAGEMENT; TOM FENDER, an individual; GARY MILES, an individual; WILLIAM STUEVER, an individual; TOM BURG, an individual; BLAKE CONNELLY, an individual; BRET SMITH, an individual; WINSTON LINDSAY, an individual; BEN EVANS, an individual; JAY FERGUSON, an individual; and ROGER HALL, an individual, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **O R D E R**

This matter is before the court on the Motion for Summary Judgment of Defendant, ABC Race Association, Inc. ("ABC"), and the Individual Defendants, Tom Burg, Blake Connelly, Ben Evans, Tom Fender, Jay Ferguson, Roger Hall, Winston Lindsay, Gary Miles, Bret Smith and William Stuever (collectively "Individual Defendants") **[Doc. No. 88]**. Plaintiff National Motosport Association,

Inc. ("NMA") responded to the motion and ABC and the Individual Defendants have filed a reply brief in support of summary judgment.

Summary judgment is appropriate when the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(a) ("[T]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). Substantive law determines which facts are material. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The dispute must be genuine, that is, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u>

The party opposing summary judgment may not rest upon the mere allegations or denials of the party's pleadings, but must set forth specific facts showing that there is a genuine issue for trial. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it[.]"). The mere

possibility that a factual dispute may exist, without more, is not sufficient to overcome a convincing presentation by the moving party. Allegations alone will not defeat summary judgment. <u>Cone v. Longmont United Hosp. Ass'n.</u>, 14 F.3d 526, 530 (10th Cir. 1994). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. <u>Board of Education v. Pico</u>, 457 U.S. 853, 863 (1982).

In a response to a motion for summary judgment, a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial. <u>Bryant v. O'Connor</u>, 848 F.2d 1064, 1067 (10th Cir. 1988). The mere possibility that a factual dispute may exist, without more, is not sufficient to overcome a convincing presentation by the moving party. Allegations alone will not defeat summary judgment. <u>Cone v. Longmont United Hosp. Ass'n.</u>, 14 F.3d 526, 530 (10th Cir. 1994).

The court has carefully reviewed the briefs and exhibits submitted by the parties. Based on this review, it appears that genuine disputes of material fact exist with respect to NMA's claims against ABC and the Individual Defendants. As stated, any doubt as to the existence of a genuine issue of material fact must be resolved against the party or parties seeking summary judgment. In addition, the

inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party.  Board of Education v. Pico, 457 U.S. 853, 863 (1982).

Accordingly, the Motion for Summary Judgment of Defendant, ABC Race Association, Inc. ("ABC"), and the Individual Defendants, Tom Burg, Blake Connelly, Ben Evans, Tom Fender, Jay Ferguson, Roger Hall, Winston Lindsay, Gary Miles, Bret Smith and William Stuever (collectively "Individual Defendants") **[Doc. No. 88]** should be and is hereby **DENIED.**

The parties are advised that jury selection in this matter is set for Tuesday, February 12, 2013 at 10:00 a.m., Courtroom No. 502, to be followed by the trial. In light of this order, the parties need not appear at the docket call previously scheduled for Tuesday, February 5, 2013.

It is so ordered this 24th day of January, 2013.

*Tim Leonard*
TIM LEONARD
United States District Judge